1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTHONY R. TURNER,

11                    Plaintiff,                    No. CIV S-10-2369 EFB P

12            vs.

13    R. THOMAS, et al.,

14                    Defendants.                   ORDER

15    _____/

16          Plaintiff, a prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

17    § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18    pauperis pursuant to 28 U.S.C. § 1915, and two motions requesting that the court order prison

19    officials to return his legal property to him.  This proceeding was referred to this court by Local

20    Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21          Plaintiff's application for leave to proceed in forma pauperis, dckt. No. 5, makes the

22    showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court

23    directs the agency having custody of plaintiff to collect and forward the appropriate monthly

24    payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

25          Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

26    which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  *Id.* at 1950.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it must be dismissed with leave to amend.  Plaintiff purports to bring claims of "illegal/unlawful" retaliation "constituting cruel and unusual punishment, and specific race/gender/disability discrimination."  Compl. at 6.[1]  Plaintiff also claims to have the "right to be free from any violence/or intimidation by threat of violence" and requests "criminal certification" of the

---

[1]  For ease of reference, all references to page numbers in the complaint are to those assigned via the court's electronic filing system.

defendants.  *Id.*  Plaintiff claims that "the defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff or engaged in other verbal, visual or physical conduct of a sexual nature or of a hostile nature based on gender."  *Id.* at 7. Plaintiff claims that defendant Salinas, warden, is responsible for "racial policies and practices" and is liable for the acts of her subordinates.  *Id.* at 9.  Plaintiff alleges that defendants MacDougall, Thomas, Razvodosky, Martinez, Almagar, Landingham, Heinrich, Rivera, Grant, David, Duprie, Cando, Johnson, Ortiz, Huskens, Patchen, Gaines, Bentz, Manning, Bramasco, and Lor "engaged in and conspired to engage in unauthorized illegal and unbecoming conduct to willfully commit, and or abuse their power to commit criminal offenses of perjury, fraud, extortion, false imprisonment by illegal restraint, defamation, [and] slander . . . ."  *Id.* at 10.

While most of the complaint takes the form of legal conclusions, plaintiff also makes the following factual allegations, some more specific than others.  He claims that defendant MacDougal said to him "hey you black inmate with the pony tail," and told plaintiff to take out his hair tie and that he would charge $4 to plaintiff's inmate trust account for destroying state property.  *Id.*  at 13.  Plaintiff claims MacDougal filed a false rules violation report against plaintiff in order to take funds from plaintiff's trust account.  Plaintiff claims he refused to sign the report and MacDougal applied excessive force, which was condoned by defendant Martinez. *Id.* at 14-15.  Plaintiff alleges defendant Thomas harassed and battered plaintiff through a rough pat search by kicking the inside of his ankles.  *Id.* at 15-16.  Plaintiff claims Russel and Zuniga obstructed his inmate appeals and that MacDougal, Thomas, Martinez, Almager, Landingham, and Rozvoditiskiy retaliated against him.  *Id.* at 17.  Plaintiff claims Marquez refused to process his legal mail.  *Id.* at 21-22.  Plaintiff alleges defendants Campo, Johnson, Ortiz and Manning provided plaintiff with a bathroom area that contained a toilet filled with feces, urine, and maggots.  *Id.* at 22.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

court has determined that the complaint does not contain a short and plain statement as required

by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones*

*v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

least some degree of particularity overt acts which defendants engaged in that support plaintiff's

claim.  *Id.*  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

8(a)(2), the complaint must be dismissed.

Moreover, it appears that plaintiff has improperly joined unrelated claims and defendants.

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).

However, unrelated claims against different defendants must be pursued in separate lawsuits.

"The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may

join, [] as independent or as alternate claims, as many claims . . . as the party has against an

opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

against different defendants belong in different suits, not only to prevent the sort of morass [a

multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

(joinder of defendants not permitted unless both commonality and same transaction requirements

are satisfied).  Because the complaint appears to allege unrelated claims against different

defendants, plaintiff must file an amended complaint correcting this defect.  Additionally,

plaintiff is hereby informed that he may not change the nature of this suit by alleging new,

unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

Moreover, the complaint does not includes sufficient factual allegations to state a

plausible claim for relief.  In an amended complaint, plaintiff must identify as a defendant only

1  persons who personally participated in a substantial way in depriving him of a federal

2  constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects

3  another to the deprivation of a constitutional right if he does an act, participates in another's act

4  or omits to perform an act he is legally required to do that causes the alleged deprivation).

5       The allegations must be short and plain, simple and direct and describe the relief plaintiff

6  seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

7  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

8  including many defendants with unexplained, tenuous or implausible connection to the alleged

9  constitutional injury or joining a series of unrelated claims against many defendants very likely

10  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

11  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

12  these instructions.

13       To the extent plaintiff intends to pursue claims based on equal protection, due process,

14  inmate appeals, retaliation, conspiracy, excessive force, his conditions of confinement, or on

15  supervisor liability, the court hereby informs him of the relevant legal standards.

16       The Civil Rights Act under which this action was filed provides:

17       Every person who, under color of [state law] . . . subjects, or causes to be
         subjected, any citizen of the United States . . . to the deprivation of any rights,
18       privileges, or immunities secured by the Constitution . . . shall be liable to the
         party injured in an action at law, suit in equity, or other proper proceeding for
19       redress . . . .

20  42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

21  establish the defendant's personal involvement in the constitutional deprivation or a causal

22  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

23  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson*, 588 F.2d at 743.

24       The Equal Protection Clause of the Fourteenth Amendment requires that persons who are

25  similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S.

26  432, 439 (1985).  To state a claim under § 1983 alleging violations of the equal protection

clause, plaintiff must allege facts showing that he is a member of a protected class.  *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes).  Plaintiff must also plead facts to demonstrate that a defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In a disciplinary proceeding where a liberty interest is at stake, due process requires that minimum procedural requirements be met, including: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Wolff*, 418 U.S. at 564-70.

Plaintiff may not impose liability on a defendant simply he played a role in processing plaintiff's inmate appeals, as there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

To prove retaliation, plaintiff must show that a state actor took some adverse action against him because of his protected conduct, and that such action chilled the inmate's exercise of his First Amendment rights and did not reasonably advance a legitimate penological purpose.  *See Rhodes*, 408 F.3d at  567-68 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th

Cir. 1994) (per curiam).

To state a claim for conspiracy, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" and that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).   In order to state a claim for the use of excessive force in violation of the Eighth Amendment, plaintiff must allege facts that, if proven, would establish that prison officials applied force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  To determine whether an Eighth Amendment violation has occurred, a court should consider the circumstances, nature and duration of a deprivation of these

1  necessities. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (referring to necessities such as

2  adequate shelter, food, clothing, sanitation, medical care, and personal safety).

3          Additionally, the court notes that there is no respondeat superior liability under § 1983.

4  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). That is, plaintiff may not sue any

5  supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See*

6  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "Because vicarious liability is inapplicable to

7  . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

8  official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. A

9  supervisor may be liable "for constitutional violations of his subordinates if the supervisor

10  participated in or directed the violations, or knew of the violations and failed to act to prevent

11  them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

12          Any amended complaint must also adhere to the following requirements:

13          It must be complete in itself without reference to any prior pleading. E.D. Cal. Local

14  Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended

15  complaint, the original pleading is superseded.

16          Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended

17  complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

18  allegations and that for violation of this rule the court may impose sanctions sufficient to deter

19  repetition by plaintiff or others. Fed. R. Civ. P. 11.

20          A prisoner may bring no § 1983 action until he has exhausted such administrative

21  remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

22  *v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his

23  claims are warranted by existing law, including the law that he exhaust administrative remedies,

24  and that for violation of this rule plaintiff risks dismissal of his entire action.

25          Plaintiff also requests that the court order prison officials to return legal property to him.

26  Dckt. Nos. 9, 10. Plaintiff's motions present no claims for relief that warrant action by the court

at this stage in the proceedings.  The court will therefore deny plaintiff's motions without prejudice.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4.  Plaintiff's motions for the return of legal property, Dckt. Nos. 9, 10, are denied without prejudice.

Dated:  June 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE