IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

        Plaintiff,                       No. CIV S-10-2369 EFB P

     vs.

R. THOMAS, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. His initial complaint was dismissed pursuant to 28 U.S.C. § 1915A. He has now filed an amended complaint and a request that it be screened by the court. Dckt. Nos. 14, 15.

**I.**    **Screening Requirement and Standards**

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Here, plaintiff is proceeding *pro se* and some lenity is allowed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing Conley v. Gibson, 355 U.S. 41 (1957)).

## II.     Improper Joinder

In dismissing the original complaint with leave to amend pursuant to § 1915A, the court informed plaintiff that – among its many other deficiencies – the complaint violated Rule 20 because it improperly joined defendants, and that unrelated claims against different defendants must be pursued in separate lawsuits. Dckt. No. 11 at 4 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied)). Plaintiff's amended complaint fails to cure this deficiency and the improperly joined defendants must again be dismissed. This

dismissal is without prejudice.

In deciding whether defendants are improperly joined, the court may look to the first named defendant and join only those claims that can properly be joined to the claims against that defendant. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). The court may then dismiss the misjoined defendants without prejudice to the plaintiff's filing of new, separate lawsuits against the dropped defendants. *Id.*; *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

The first named defendant in this action is defendant Salinas. Under a cause of action labeled "Supervisory Liability," plaintiff alleges defendants Salinas, Landingham, Almager, and Navarro mismanaged their subordinate employees, and failed to appropriately train, supervise, and discipline them. Dckt. No. 14 at 23. Plaintiff includes no other factual allegations against defendant Salinas.

The court previously informed plaintiff that there is no respondeat superior liability under § 1983. Dckt. No. 11 at 8 (citing *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993)). The court explained that plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). The court further explained, that plaintiff must plead facts showing "that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and that a supervisor may be liable "for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* (citing *Iqbal*, 129 S. Ct. at 1948 and *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Through the amended complaint, plaintiff seeks to impose liability on defendants Salinas, Landingham, Almager, and Navarro simply because of their alleged supervisory roles, and not because of their personal participation in any particular alleged violation of plaintiff's rights.
////

3

1  Plaintiff still fails to specifically allege facts indicating how the alleged supervisors caused any
2  of the alleged violations of his rights, and accordingly, these claims must be dismissed without
3  further leave to amend.
4      Because plaintiff cannot proceed in this action against Salinas, the court looks to the
5  allegations against the next named defendant in this action – defendant Thomas.  Plaintiff alleges
6  that on July 9, 2010, Thomas told plaintiff to stop and spread his legs.  Thomas allegedly took
7  plaintiff's pen and comb and began to read his legal mail.  Apparently Thomas then began to pat
8  search plaintiff in a "rough manner" and "groped" plaintiff's "buttocks, thighs and [ ] testicles."
9  *Id.* at 14.  Thomas then purportedly kicked plaintiff's ankles.  Plaintiff claims he asked Thomas
10 to stop, but she kicked plaintiff harder three times, and again groped plaintiff "sexually" until he
11 flinched in pain.  Plaintiff claims defendants David and Duprie looked on and did not intervene.
12 Plaintiff's allegations against defendants Thomas, David, and Duprie appear to be properly
13 joined because they arise out of the same occurrence and involve common questions of law and
14 fact, but for the reasons discussed in section III, the allegations fail to state a cognizable claim
15 and will be dismissed with leave to amend.
16     Plaintiff's complaint names a total of twenty-two defendants and concerns a variety of
17 discrete events.  The remaining allegations cannot be properly joined with the claims against
18 defendants Thomas, David, and Duprie, because they are unrelated in that they do not arise out
19 of the same occurrence and involve a common question of law or fact.  *See* Fed. R. Civ. P.
20 20(a)(2).  For example, in one set of allegations, plaintiff claims defendant MacDougall applied
21 excessive force while defendants Martinez and Manning watched, and that MacDougall
22 subsequently filed a false rule violation report, which resulted in plaintiff's confinement to a cell
23 for 36 days without exercise.  Plaintiff also asserts claims based on defendants Cox, Marquez
24 and Navarro's alleged interference with plaintiff's mail on various days from May through
25 August of 2010.  And in another set of allegations, plaintiff claims that on August 28, 2010, he
26 was escorted by force to a crowded area with 200 inmates and no bathroom, and that defendants

Ortiz, Johnson, Cano and Manning allegedly escorted plaintiff to a toilet filled with feces, urine and maggots. These remaining claims have been improperly joined in a single lawsuit – a defect that cannot be corrected by amendment. These claims must therefore be dismissed without leave to amend in this action. However, the dismissal is without prejudice to re-filing in new, separate lawsuits.

### III. Claims Against Defendants Thomas, David, and Duprie

For the reasons stated below, the amended complaint fails to state a cognizable claim against defendants Thomas, David or Duprie. Thus, to proceed plaintiff must file an amended complaint.

#### A. Property Claim

Plaintiff fails to state a claim based on Thomas's alleged taking of his pen and comb. Where a prisoner alleges the deprivation of a liberty or property interest in violation of the Fourteenth Amendment, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides such a remedy for prisoners. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing California Government Code §§ 810-895). Plaintiff's allegation of an unauthorized deprivation of property thus fails to state a cognizable due process claim.

#### B. Legal Mail Claim

Plaintiff fails to state a claim based on Thomas's alleged reading of his legal materials. It is clear that prison officials may not review outgoing legal mail for legal sufficiency before sending it to the court. *See Ex Parte Hull*, 312 U.S. 546, 549 (1941). However, whether legal mail may be persistently opened outside the inmate's presence is an open question in the Ninth Circuit. *See Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (citing *Taylor v. Sterrett*, 532 F.2d 462 (5th Cir. 1976), *Bach v. Illinois*, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and *Smith v. Robbins*, 454 F.2d 696 (1st Cir. 1972)). At least one court in this circuit

has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's First Amendment rights and access to the courts." *Oliver v. Pierce County Jail*, 2007 U.S. Dist. LEXIS 34415, 2007 WL 1412843 (W.D. Wash. May 9, 2007) (citing *Muhammad v. Pitcher*, 35 F.3d 1081 (6th Cir. 1994)). Another court in this circuit has concluded that an isolated incident of opening legal mail does not arise to a constitutional violation. *Battle v. Posadas*, No. Civ. S-10-2135 FCD CMK P, 2011 U.S. Dist. LEXIS 6045, *2-4 (E.D. Cal. Jan. 21, 2011); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. Neb. 1997) ("[W]e agree with other circuits that an 'isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.'" (quoting *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) and citing *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975)). In addition, incoming mail from the courts, as opposed to mail from the prisoner's attorney, is not considered "legal mail" and may therefore be opened outside the inmate's presence. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998), *quoting, Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987)("[W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files."). Here, plaintiff does not allege facts showing that his mail was actually "legal mail," that it was opened outside his presence, or that his encounter with Thomas was anything more than an isolated occurrence. Thus, plaintiff's allegations about Thomas reading his legal materials fail to state a cognizable claim.

      **C.    Pat Search/Kicking Claim**

Plaintiff also fails to state a claim based on Thomas's alleged pat search and kicking of plaintiff, or David and Dupries' alleged witnessing of these actions. A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable

6

state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834. "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. The alleged pain may be physical or psychological. Nevertheless, the inmate must objectively show that he was deprived of something sufficiently serious." *Watison v. Carter*, 2012 U.S. App. LEXIS 2818, at *3-4 (Feb. 13, 2012) (internal citations and quotation marks omitted). Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* at 4.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The following factors are relevant to a determination of whether a use of force violated the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Additionally, searches of prisoners must be reasonable to be constitutional. *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (emphasis added)).

Here, the circumstances surrounding Thomas's alleged touching of plaintiff are not clear. Plaintiff alleges no facts suggesting that Thomas's actions caused him any serious deprivation. Nor does he allege facts regarding the circumstances under which Thomas allegedly decided to search plaintiff, or whether Thomas's alleged search and use of force was necessary or reasonable under those circumstances. The facts are likewise insufficient to show that either David or Duprie acted with deliberate indifference to plaintiff's safety by their alleged failure to intervene. Accordingly, the claims against Thomas, David, and Duprie must be dismissed with leave to amend.

**IV.    Leave to Amend**

Plaintiff will be granted a final opportunity to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff file an amended complaint, it shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

This suit only concerns claims against Thomas, David and Duprie based on plaintiff's alleged encounter with them on July 9, 2010. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Should plaintiff file an amended complaint that again suffers from improper joinder, the court will recommend that this action be dismissed without further leave to amend for improper joinder and for failure to obey court orders.[1]  *See*

---

[1] A party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of

Fed. R. Civ. P. 41(b); Local Rules 110, 183(a).

**V.   Conclusion**

Accordingly, the court hereby orders that:

1. Plaintiff's July 27, 2011 request that the court screen his amended complaint (Dckt. No. 15) is granted.

2. The amended complaint is dismissed for failure to state a claim and for improper joinder, with one final opportunity to amend.

3.  Within 30 days from the date of this order, plaintiff may file an amended complaint in an attempt to state cognizable and properly joined claims arising out of plaintiff's July 9, 2010 encounter with defendants Thomas, David and Duprie.  Any amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."

4.  Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED:  March 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

the Court."  Local Rule 110.  The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).